UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

STEPHEN M. VAN DE BERG, et al.,  )
                                  )
                Plaintiffs,       )
                                  )
-v-                               ) Civil Action No. 08-00765 PLF
                                  )
SOCIAL SECURITY ADMINISTRATION,   )
   et al.,                        )
                                  )
                Defendants.       )
_____ )

MOTION TO VACATE DEFAULT AND TO DISMISS THE COMPLAINT
AND SUPPORTING MEMORANDUM OF POINTS AND AUTHORITIES

Defendants' answer in this case was due on July 28, 2008. On that date, undersigned counsel (Fred E. Haynes) primarily responsible for this case for defendants prepared a motion for a two-week extension of time. He served that motion on plaintiffs but inadvertently failed to file it electronically. Attached hereto as Exhibit A is a copy of that motion. This error was discovered on Monday, August 11, the date to which undesigned counsel intended to seek an extension of time for the submission of an answer or other response. The discovery of this error was as a result of a conversation with Mr. Van De Berg on that date. He does not consent to the vacating of the default entered in this case.

The default entered by the Clerk of the Court on July 31, 2008, violated the requirements of Fed. R. Civ. P. 55(b)(since this is not a case where there is a sum certain that can be established by an affidavit submitted to the Clerk, a party must apply to the Court for the entry of a default judgment, which was not done in this case, as reflected in the docket). Additionally, a default judgment may only be entered against the United States and its agencies "if the claimant establishes a claim or right to relief by evidence that satisfies the court." Fed. R. Civ. P.55(d).

Turning to the merits of plaintiffs' claims, defendants, the Social Security Administration and the United States Government move to dismiss the complaint because (1) "plaintiff number 1," Stephen M. Van De Berg, does not have the legal authority to represent "plaintiff number 2," which he asserts is a trust; (2) the complaint violates Fed. R. Civ. P. 8(a)(2) in that it does not contain a short and plain statement showing that plaintiffs' are entitled to relief; (3) the complaint violates Fed. R. Civ. P. 12(b)(6) in that it fails to state a claim upon which relief can be granted, since the Supreme Court has held that the assignment and use of a social security number relating to an individual is permissible even in the face of a challenge that this violates religious beliefs; and (4) to the extent that plaintiff is attempting to litigate the issue of the long-term viability of the Social Security system, he cannot do so, since this is a generalized grievance which he does not have standing to assert in this Court.  Attached is a draft order reflecting the requested relief, the dismissal of this case.

## Background

The complaint is forty-six pages long.  It purports to be brought by two plaintiffs, Stephen M. Van De Berg, a natural person described as plaintiff number 1 (Complaint, at 5), and STEPHEN M. VAN DE BERG (XXX-XX-6277), a trust described as plaintiff number 2 (Complaint, at 5-6).  The complaint further alleges that plaintiff number 2 "borrows plaintiff number 1's consciousness and physical capacity to fill its Trustee office."  Complaint, at 6.  The two defendants are the Social Security Administration, described as defendant number 1 (Complaint, at 6), and the United States Government, described as defendant number 2 (Complaint, at 6).

The gist of the complaint appears to be that plaintiff number 1's religious beliefs are such that he refuses to be "numbered," i.e., to have a number, such as a social security number,

assigned to him. He asserts, without any cognizable factual support, that defendant number 1 (the Social Security Administration), by mailing plaintiff number 1 a social security card, with the notation on the back, <u>inter alia</u>, that the card was the property of the Social Security Administration and must be returned upon request, thereby created a trust (STEPHEN M. VAN DE BERG, XXX-XX-6272) which led to the signing of the social security card by plaintiff number 2. According to the complaint, this arrangement worked ("From its inception Plaintiff 2 operated in peace in accord with its creation." Complaint at page 10, ¶ 16) until two events caused the plaintiffs "to study more thoroughly what Defendants were doing in relationship to trusts like Plaintiff 2 and people like Plaintiff 1." Complaint at pages 10-11. The first appears to relate to reports concerning possible problems in funding Social Security in the future. The second relates to a Tax Court case involving plaintiff number 2, <u>STEPHEN M. VAN DE BERG (a trust) v. Commissioner of Revenue</u>, T.C. No. 17072-04. As described by the plaintiffs, the Tax Court found that defendant number 1 (the Social Security Administration) did not create plaintiff number 2 (the alleged trust) and that plaintiff number 1 was the taxpayer. The compliant further relates that the Tax Court ordered plaintiff number 2 to attest that it was plaintiff number 1 or the Tax Court would dismiss the case. When plaintiff number 2 did not do this, the Tax Court dismissed the case "alleging it was brought by an incorrect party, as if Plaintiff 1 was the numbered taxpayer instead of Plaintiff 2." Complaint, at pages 12-13. The Tax Court's decision was sustained on appeal. Complaint at page 13.

  The relief sought by the Complaint is not entirely clear. At pages 33-35, the Complaint asserts that plaintiff number 1 has been injured in that he has been "numbered" in violation of his religious beliefs and that he has been fraudulently induced into a "relationship" that is tantamount

to involuntary servitude, participation in the social security insurance program. The compliant does not, however, appear to seek damages. Rather, the relief requested is set out at pages 44-45, and it includes a declaration that defendants committed fraud in inducing plaintiffs into the social security system and that "the Social Security is null and void from its beginning."

Argument

As explained above, the default entered by the Clerk should be vacated. Turning to the substance of the complaint, it should be dismissed as frivolous. Plaintiffs are pro se, and it is hornbook law that pro se complaints are to be construed liberally. A liberal construction does not, however, excuse the plaintiffs from asserting facts in the forty-six page complaint that would at least suggest that there is a viable legal theory lurking somewhere in it. This the plaintiffs have not done.

At the outset, it should be noted that the complaint alleges that plaintiff number 2 is a trust. No attorney has, however, entered an appearance for the plaintiffs, and as the Third Circuit ruled in Mr. Van De Berg's appeal of the Tax Court case, a trust can only be represented in court by an attorney. <u>Stephen M. Van De Berg (Trust) v. Commissioner of Internal Revenue</u>, 2006 WL 897233 (3d Cir. 2006). Consequently, STEPHEN M. VAN DE BERG (XXX-XX-6277) should be dismissed as a plaintiff.

At a more fundamental level, Mr. Van De Berg's belief that a trust was created to hold his social security card suffers from a misunderstanding of the law. He asserts that the trust was created by the fact that the social security card was sent to him with the notation on the back that the card was the property of the Social Security Administration and that it had to be returned to

that agency upon request. This language does not create a trust; rather, it is evidence of a bailment:

> Bailments are a common fact of modern life. Whenever you loan a book to a friend, borrow your neighbor's lawnmower, drop your car off for repairs, ship goods by air express, or store goods in a warehouse, a bailment exists. In its broadest sense a bailment is simply the rightful possession of goods by someone not the owner. A bailment is typically created by delivery of tangible personal property from a person in possession (the bailor) to another (the bailee) for a specified purpose without transfer of title. The bailor retains ownership and expects that the property will be returned upon completion of the bailment.

M.E. Roszkowski, Business Law: Principles, Cases, and Policy, (1987), at 670.

Mr. Van De Berg repeatedly asserts that for him to be assigned a social security number (rather than the trust) violates his religious beliefs. For example, at page 14 of the complaint he asserts that he "cherishes the Holy Bible as God's Words....[and] The Bible is very clear that God's people are not to be numbered (citations omitted)...." This raises the question whether the assignment of a social security number to Mr. Van De Berg violates the Free Exercise Clause of the First Amendment to the Constitution. It does not, as explained by the Supreme Court in Bowen v. Roy, 476 U.S. 693 (1986), a case that is directly on point. There, the American Indian parents of two-year old Little Bird of the Snow argued that for them to obtain a social security number for her would violate their Native American religious beliefs. The Supreme Court stated:

> Our cases have long recognized a distinction between the freedom of individual belief, which is absolute, and the freedom of individual conduct, which is not absolute. This case implicates only the latter concern. Roy [the father] objects to the statutory requirement that state agencies "shall utilize" Social Security numbers not because it places any restriction on what he may

> believe or what he may do, but because he believes the use of the number may harm his daughter's spirit.
>
> Never to our knowledge has the Court interpreted the First Amendment to require the Government *itself* to behave in ways that the individual believes will further his or her spiritual development or that of his or her family. The Free Exercise Clause simply cannot be understood to require the Government to conduct its own internal affairs in ways that comport with the religious beliefs of particular citizens. Just as the Government may not insist that appellees engage in any set form of religious observance, so appellees may not demand that the Government join in their chosen religious practices by refraining from using a number to identify their daughter. "[T]he Free Exercise Clause is written in terms of what the government cannot do to the individual, not in terms of what the individual can extract from the government." Sherbert v. Verner, 374 U.S. 398 ...(1963) (Douglas, J., concurring).

Bowen v. Roy, 476 U.S. 693, 699-700 (1986).

Relying at least in part on reports that the Social Security program faces grave financial difficulties in the future, Mr. Van De Berg seeks a declaration that defendants committed fraud in inducing him into the social security system and that "the Social Security is null and void from its beginning." Complaint, at 44-45. This language does not state a claim for which relief can be granted, since the Supreme Court has held that a citizen does not have standing "when the asserted harm is a generalized grievance shared in a substantially equal measure by all or a large class of citizens." Warth v. Seldin, 422 U.S. 490, 499 (1975). "The prohibition against generalized grievances prevents individuals from suing if their only injury is as a citizen or a taxpayer concerned with having the government follow the law." E. Chemerinsky, Federal Jurisdiction (4th Edition), at 89.

Another point raised at various places in the complaint is that the assignment to Mr. Van De Berg of a Social Security number violates the Privacy Act. This is incorrect. The Privacy Act

specifically states that the prohibition on the conditioning of any right, benefit, or privilege upon the disclosure by an individual of his or her social security number does not apply with respect to any disclosure which is required by Federal statute.  Privacy Act, Section 7(a)(1) and (2), which may be found at 5 U.S.C. § 552a note.

## Conclusion

For the reasons set forth above, the complaint should be dismissed.

Respectfully submitted,

JEFFREY A. TAYLOR, D.C. Bar #498610
United States Attorney

RUDOLPH CONTRERAS
Assistant United States Attorney
           /s/
FRED E. HAYNES, D.C. Bar #165654
Assistant United States Attorney
555 Fourth Street, N.W., Room E-4110
Washington, D.C.  20530
202.514.7201

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| STEPHEN M. VAN DE BERG, et al., )<br>)<br>Plaintiffs, )<br>)<br>-v- )<br>)<br>SOCIAL SECURITY ADMINISTRATION, )<br>  et al., )<br>)<br>Defendants. )<br>_____) | Civil Action No. 08-00765 PLF |

ORDER

UPON CONSIDERATION of defendants' motion to vacate the entry of default and to dismiss the complaint, and the entire record in this case, it is by the Court this ___ day of _____, ____, 2008, hereby

ORDERED that defendant's motion is GRANTED, and it is

FURTHER ORDERED that the entry of default by the Clerk is vacated, and it is

FURTHER ORDERED that this case is dismissed.  This is a final, appealable order.

UNITED STATES DISTRICT COURT

Copies to Pro Se Plaintiff and Counsel of Record

CERTIFICATE OF SERVICE

I hereby certify that on this 13th day of August, 2008, a copy of the foregoing motion to vacate the entry of default and to dismiss the complaint was served by first-class mail, postage prepaid, on:

>Mr. Stephen M. Van De Berg
>3947 W. Lincoln Highway, # 333
>Downingtown, PA 19335

>/s/
>FRED E. HAYNES, D.C. Bar # 165654
>Assistant United States Attorney
>555 Fourth Street, N.W., Room E-4110
>Washington, D.C. 20530
>(202) 514-7201

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| STEPHEN M. VAN DE BERG, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| -v- ) | Civil Action No. 08-00765 PLF |
| ) | |
| SOCIAL SECURITY ADMINISTRATION, ) et al., ) | |
| ) | |
| Defendants. ) | |

## MOTION FOR EXTENSION OF TIME TO ANSWER

Pursuant to Fed. R. Civ P. 6(b)(1), defendants in the above-captioned case, through their undersigned counsel, respectfully moves this Court for an enlargement of time to August 11, 2008, to file their answer or other response to the complaint in this case. Undersigned counsel (Fred E. Haynes) attempted to contact plaintiffs by telephone to determine their position on this motion, but he was unable to reach Mr. Van De Berg. Undersigned counsel anticipates filing a motion to dismiss, but he has been unable to prepare this motion, due to other litigation commitments, including a hearing on violation last week in a criminal case and the preparation of a supplemental brief this week in a bankruptcy case, as well as other filings. The additional time is, therefore, needed.

Attached is a draft order reflecting the requested relief.

Respectfully submitted,

_____  JEFFREY A. TAYLOR, D.C. Bar #498610
United States Attorney



EXHIBIT A

/s/
FRED E. HAYNES, D.C. Bar #165654
Assistant United States Attorney
555 Fourth Street, N.W., Room E-4110
Washington, D.C. 20530
202.514.7201

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

STEPHEN M. VAN DE BERG, et al.,       )
                                       )
                 Plaintiffs,           )
                                       )
-v-                                    ) Civil Action No. 08-00765 PLF
                                       )
SOCIAL SECURITY ADMINISTRATION,        )
  et al.,                              )
                                       )
                 Defendants.           )
_____)

ORDER

UPON CONSIDERATION of defendants' motion for an extension of time to file their answer or other response to the complaint, and the entire record in this case, it is by the Court this ___ day of _____, 2008, hereby

ORDERED, that defendant's motion is GRANTED, and it is

FURTHER ORDERED, that defendant shall have to and including August 11, 2008, to answer the complaint.

UNITED STATES DISTRICT COURT

Copies to Counsel of Record

## CERTIFICATE OF SERVICE

I hereby certify that on this 28th day of July, 2008, a copy of the foregoing motion for an extension of time to answer or otherwise respond to the complaint was served by first-class mail, postage prepaid, on:

> Mr. Stephen M. Van De Berg
> 3947 W. Lincoln Highway, # 333
> Downingtown, PA 19335

> /s/
> FRED E. HAYNES, D.C. Bar # 165654
> Assistant United States Attorney
> 555 Fourth Street, N.W., Room E-4110
> Washington, D.C. 20530
> (202) 514-7201