UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

Stephen Michael Van De Berg, et al.,
Plaintiffs

v.

Social Security Administration, et al.,
Defendants

CIVIL ACTION NO. 08-765 (PLF)

**RECEIVED**

AUG 2 6 2008

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

**MOTION TO DENY DEFENDANTS' "MOTION TO VACATE DEFAULT AND TO DISMISS THE COMPLAINT AND SUPPORTING MEMORANDUM OF POINTS AND AUTHORITIES"**

1   Plaintiffs, by these presents, move this Court to deny Defendants' "MOTION TO VACATE

2   DEFAULT AND TO DISMISS THE COMPLAINT AND SUPPORTING MEMORANDUM OF POINTS AND

3   AUTHORITIES" (hereinafter "Defendants' Motions"), in support of which Plaintiffs present the

4   following:

5   Defendants' Motions were nearly incomprehensible due to the manner of their presentation,

6   which consisted of seven pages of bouncing all over the place but not making plain clear

7   statements or providing any evidence to either support Defendants' spurious claims or

8   reasonably show faults in Plaintiffs case as is required for such motions.  Still, to the best of our

9   understanding, it seems like Defendants' Motion consists of a two separate motions; one to

10  vacate the Courts Default Judgment entered by the Clerk and a separate motion to dismiss for

11  failure to state a claim upon which relief can be granted (hereinafter "Defendants' Motions").

12  Plaintiffs will show separately why each of Defendants' Motions should be denied; beginning

13  here with Defendants' motion to vacate default, followed, on page 5 at line 13, by Defendants'

14  motion to dismiss.

### FIRST: DEFENDANTS' MOTION TO VACATE DEFAULT SHOULD BE DENIED

15  According to Fed. R. Civ. P. 55(a), when a party has failed to respond in a timely manner,

16  "… the clerk must enter the party's default."; wherefore, the clerk entered default against

Defendants;

Defendants allege this Court should vacate the default for two reasons:

1. According to Fed. R. Civ. P. 60(b), the court can vacate the default for mistake or excusable neglect; and, Defendants claim the default should be vacated because Defendants were busy and inadvertently failed to file for an extension for time alleging that they had one prepared but failed to file it electronically, as proof of the allegation, Defendants provide a copy of the proposed motion and reference that they mailed a copy to Plaintiffs.

    a. In fact, Plaintiffs did receive the motion; however, it was dated July 28, 2008; which is the date their answer was due.

        i. Rule 6.(c) requires all such pleadings be made 5 days before the hearing date or due date so the court will have time to review the motion and rule accordingly before time runs out.

        ii. On the evening of July 28, 2008, Plaintiffs found a voicemail message from Defendants' attorney asking if Plaintiffs would contest such a motion.

           1. According to the voicemail's time stamp, Defendants' phone message was late enough in the day that Plaintiffs' response would not change the fact that the time for such a motion had already expired.

        2. Defendants allege that the reason they need more time is they are too busy with other matters they apparently consider more important;

    a. Certainly, the Supreme Court set the rules in place knowing that is the nature of the business of attorneys, they are busy in court.

    b. This rule does not change for the Attorney General's office. They were busy from the time this case was filed and will expectedly be busy right through

1  the completion of litigation in every case with which they are involved.

2  c. But, that is exactly why the rules for time exist.

3  b. Had the Defendants followed the rules and requested an extension for time up to five

4  days before the deadline (just like the rules require the Plaintiffs to do) Plaintiffs would have

5  had no contest; but, when the request was made out of time with no regard for the Rules of

6  Court; Plaintiffs do contest the court granting such an extension.

7  c. However, even if this court were to grant Defendants non-filed motion for an

8  extension of time to answer under Rule 60(b), Defendants only asked for an extension of

9  time until August 11, 2008; Defendants failed to meet that time as well and did not file

10  anything with this Court until said Defendants' Motions were filed on August 13, 2008.

11  d. No reason was given by Defendants for the additional delay beyond the time they

12  allegedly inadvertently failed to ask the court for.

13  e. Wherefore, Defendants are in default; and

14  f. To this day Defendants have failed to provide the court any reasonable cause for the

15  Defendants' Default;

16  g. Wherefore, this Court should deny Defendants' motion to vacate default;

17  2. Defendants ask this Court to vacate the Default because they allege that according to Fed.

18  R. Civ. P. 55.(d), this Court, not its Clerk, should have entered the default;

19  a. However, the fact that the Defendants are in default is not even a relevant question

20  applied by this rule.

21  b. Default is defined by the nature of timeliness appointed by the rules, which the

22  Defendants failed to follow; accordingly, the Defendants are in default.

23  c. Therefore Defendants only question here in applying Rule 55.(d) is whether the court

or its clerk can enter the default judgment on the record.

d. Rule 55.(d) simply states, "A default judgment may be entered against the United States, its officers or its agencies only if the claimant establishes a claim or right to relief by evidence that satisfies the court."

e. Rule 55.(a) requires, "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend and that failure is shown by affidavit or otherwise the clerk must enter the default."

f. Accordingly, the Defendants so failed to plead and are in default.

g. And, Rule 55.(b)(1) requires "the clerk must enter judgment" if Plaintiff makes a request to the court with an affidavit showing the amount due and the claim amount is set certain.

   i. Plaintiffs made such a request of the court with a proper affidavit in accord with the rule.

   ii. The amount of the claim against the Defendants is set certain at $0.00.

h. Accordingly, the clerk is required by the rule to enter the default.

i. Therefore, when applying Rule 55.(d) the only question before the Court is whether the Defendants Default should have been entered by the clerk or by the court; rather it is now up to the court to determine whether Plaintiffs have in fact provided sufficient evidence to indicate "a claim or right to relief … satisfies the court".

j. Accordingly, as with any Summary Judgment situation, to apply the rule the court must consider the case in the light most favorable to the Plaintiff and if the possibility of such a claim of right can be made by Plaintiffs the court should schedule a hearing to determine whether Plaintiffs can provide sufficient evidence to establish their "claim or right … that

1  satisfies the court".

2  k. At which point the Court would either rule in support of the Clerk's entry of the

3  Default Judgment or remove the same.

4  l. By the way, this understanding of the rules is exactly what the court followed and it is

5  exactly how the Clerk's office describes the process when asked;

6  m. Further, it is exactly how the court ruled the rules are to be considered,

7  "Entry of default and default judgment are distinct concepts and must be treated separately;
8  impropriety of clerk entering default when no sum certain is involved has application only to
9  default judgments entered pursuant to Rule 55(b)(1), and not to defaults entered under Rule
10  55(a)" *United States vs. Topeka Livestock Inc. 392 F.Sup 944*.

11  Wherefore, for all the reasons stated above, this Court should deny Defendants' motion to

12  vacate and if the strength of Plaintiffs' Complaint and the material facts of record are not

13  sufficient to "satisfy the court" of Plaintiffs' "claim or right", then the Court should schedule a

14  hearing wherein Plaintiffs are allowed to present the evidence necessary to substantiate

15  Plaintiffs' claim so the court can confirm the Defendants' default.

## SECOND: DEFENDANTS' MOTION TO DISMISS SHOULD BE DENIED

16  In, Conley v. Gibson, *355 U.S. 41, 45-46 (1957)*, the Supreme Court set the standard of

17  review for a motion to dismiss for failure to state a claim as follows:

18  "When considering a Motion to Dismiss, the Court must accept as true all of Plaintiffs' well-

19  pleaded facts alleged in the complaint and draw all reasonable inferences in the Plaintiffs' favor.

20  *Goodwin v. United States, 338 F.3d 1374, 1377 (Fed. Cir. 2003); Boyle v. United States, 200*

21  *F.3d 1369, 1372 (Fed. Cir. 2000); Perez v. United States, 156 F.3d 1366, 1370 (Fed. Cir. 1998);*

22  *Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)*. The Court should not dismiss a complaint for

23  failure to state a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts

24  in support of his claim which would entitle him to relief." *Scheuer v. Rhodes, 416 U.S. 236-237.*"

1   Defendants Motion to Dismiss essentially contains five alleged causes to dismiss for failure
2   to state a claim upon which relief can be granted. Below, Plaintiffs separately show why each
3   such alleged cause to dismiss is made in error and should accordingly be denied:

   **1. Defendants allege "'plaintiff number 1'... does not have the legal authority to represent 'plaintiff number 2'; ...Consequently, [Plaintiff 2] should be dismissed as a plaintiff."**

4   Defendants assert Plaintiff 2 cannot proceed in court without an attorney and should be dropped
5   from the case; however:
6       a. Plaintiff 2 is currently looking for an attorney and would like more time to secure the
7   same;
8       b. However, if this Court does not grant additional time for Plaintiff 2 to find an attorney,
9   Plaintiff 1's case was separately pled within the complaint and stands on its own as pled.
10      c. If Plaintiff 2 is dropped from the case, Plaintiffs' Complaint need not be amended other
11  than by the courts rule to dismiss Plaintiff 2 from it.
12      d. Accordingly, Plaintiff 1 would prosecute the case without Plaintiff 2.

   **2. Defendants allege 'the complaint violates Fed. R. Civ. P. 8(a)(2) in that it does not contain a short and plain statement showing that plaintiffs' are entitled to relief'**

13  Defendants are in default and did not timely raise this issue, therefore, Defendants should not
14  be allowed to raise this issue now;
15      a. However, Plaintiffs' Complaint complies with Fed. R. Civ. P. 8(a)(2) in Plaintiffs'
16  "Introduction and Opening Statement" section on page 1 of the Complaint, which contains a
17  short plain statement of the Complaint that shows the Plaintiffs are entitled to relief; and,
18      b. Whereas, Fed. R. Civ. P. 9(b) requires, "In alleging fraud... a party must state with
19  particularity the circumstances constituting fraud...";
20      c. Wherefore, the rules require Plaintiffs to plead this case with specificity and not merely

1  by such a short plain statement of the case;

2  d. Wherefore, this court should deny Defendants' motion to dismiss because this case was

3  pled correctly in accord with both the rule that requires a plain clear statement and the rules that

4  require specificity when fraud in the inducement is alleged.

5  e. If the court considers Defendants' allegation is one requiring a specific form, Plaintiffs

6  are not as yet represented by an attorney, wherefore, the court is not allowed to hold Plaintiffs

7  accountable to form in a summary judgment.

8  f. Accordingly, the court should deny Defendants' motion to dismiss.

**3. Defendants allege 'The complaint violates Fed. R. Civ. P. 12(b)(6) in that it fails to state a claim upon which relief can be granted"; however, Defendants have not met the required Standard for Review and Defendants' Motion to Dismiss should be denied.**

9  According to the rule, a Rule 12(b)(6) motion must be plead prior to answering a Complaint

10  in a timely manner or the right to raise such a motion is waived; however, Defendants are in

11  default and failed to either so plead in a timely manner or answer Plaintiffs' Complaint;

12  therefore, Defendants should not be allowed to raise such a motion now. Regardless of that

13  limitation, Plaintiffs present the following to show such a motion is still without merit and was

14  only presented by the Defendants as a matter of rote and to take the courts focus off of the fact

15  that Defendants are in default.

16  a. Defendants admit Plaintiffs have claimed fraud in the inducement: "the Complaint asserts

17  Plaintiff number 1….has been fraudulently induced into a 'relationship'…"(Defendants' Motions

18  at page 3);

19  b. Plaintiffs have clearly stated a claim upon which relief can be granted, which is shown in

20  Plaintiffs' Complaint as follows:

21  1) This Court has jurisdiction over this case [see: "Jurisdiction" section of Complaint at

page 5]; and,

2) Plaintiffs' Complaint clearly demonstrates legitimate legal claims which Plaintiffs can easily prove in court [see: "Causes of Action" section Complaint starting at 24]; and.

3) Plaintiffs Complaint clearly demonstrates facts which support Plaintiffs' legal claims stated above [see: "Material Facts" section of Complaint starting at 6]; and,

4) Plaintiffs' Complaint is presented in outline format so that even though the rules requirement for pleading with specificity requires a very complex complaint considering the matters presented, the outline format allows one to review the main paragraphs of the outline and there easily follow the logic necessary to see the Complaint clearly states claims upon which relief can be granted.

5) Defendants falsely allege, "The relief sought by the Complaint is not entirely clear." (Defendants' Motions at page 3); however, Plaintiffs requested specific relief [see: "Request for Relief" section of Complaint starting at page 44];

6) Wherefore, Plaintiffs have clearly stated valid legal claims and presented facts that, if accepted as true as required by the Standard of Review, prove Plaintiffs' claims are stated clearly with plausible relief this court can grant including the rules and laws that allow such relief to be granted;

7) Therefore, Defendants have failed to prove "beyond doubt that the plaintiff can prove no set of facts in support of Plaintiffs' claims that would entitle him to relief"; and, if Plaintiffs are allowed to prove the facts alleged in Plaintiffs' case the case will clearly show Plaintiffs are entitled to the relief so requested.

8) Therefore, Defendants have failed to meet the Standard of Review for a motion to dismiss;

9) Wherefore, this Court should deny Defendants' motion to dismiss and allow this case to proceed to a hearing that will allow Plaintiffs to present evidence to support Plaintiffs' Complaint sufficient to "satisfy the court" of Plaintiffs' "claim or right".

c. Defendants make several specious allegations throughout Defendants' Motions that are bogus arguments that (if they had any merit) should have been raised in a timely Answer or at a trial of the Material Facts shown in Plaintiffs' Complaint; but, since the Defendants are in Default Defendants are barred from raising such allegations now; accordingly Defendants have dressed up said allegations to look like jurisdictional issues. The court should not be dissuaded from Defendants' default by such specious allegations. Accordingly, Plaintiffs present their response to such specious allegations here as follows:

1) Defendants falsely allege, "The gist of the complaint appears to be that plaintiff number 1's religious beliefs are such that he refuses to be "numbered""; however, the Complaint clearly shows Plaintiffs' claim is for fraud in the inducement. Though God's laws plainly limit the children of God (of which Plaintiff 1 is one) from being numbered and from taking numbers, those Laws are irrelevant to Plaintiffs' claim presented to this court. The necessity for man to comply with God's laws requires man to be fruitful and multiply, replenish and subdue; which requirement (especially considering the United States Government's bankrupted nature) would be far simpler for Plaintiff 1 to comply with if Plaintiff 1 was to consider and accept the offer for a relationship as advertized by Defendants when Plaintiff 1 accepted the same. Accordingly, said laws of God and Defendants offer were the reason why Plaintiff 1 accepted Defendants' offer for the relationship. Had Defendants continued to operate (as they did for many years) according to the agreement they offered and Plaintiff 1 accepted, there would be no cause for this case now. Thus, the

cause of this action is neither God's Laws nor Plaintiffs' compliance with them, instead, as is well described in said Complaint, the cause of this action is the Defendants' fraud in the inducement of the relationship accepted by the Plaintiffs. Again, the court should notice this issue is not one a Defendant in Default should be allowed to argue and it certainly fails to invoke any element of Rule 12(b)(6) that would incapacitate Plaintiffs' Complaint; wherefore, the court should deny Defendants' motion.

2) Defendants spuriously make this false allegation, "Another point raised at various places in the complaint is that the assignment to Mr. Van De Berg of a Social Security number (hereinafter "SSN") violates the Privacy Act"; however, that statement is false. At no point in Plaintiffs' Complaint is any such thing so alleged. In fact, at no point in the agreement offered by Defendants to Plaintiffs was it ever alleged that said number would be assigned to Plaintiff 1. Had such a thing been revealed at the time of or before said agreement was accepted, Plaintiff 1 would never have accepted the same. Again, Defendants seem to miss the point of Plaintiffs' reference to that Act; though the Complaint clearly shows the Defendants used the promises they made in the Privacy Act and other publications to induce Plaintiff 1 to enter a voluntary contractual agreement they then only recently changed the terms of that advertized agreement to something Plaintiff 1 would have never agreed to in the first instance; therefore, Plaintiffs' reference to that Act simply adds additional proof of Defendants' fraud in the inducement; thus, that is provided in Plaintiffs' Complaint; not Defendants' spuriously presented false allegation. Wherefore, when (contrary to the conditions of said agreement) Defendants recently began alleging the SSN is Plaintiff 1's number and not Defendants' registered account number for Plaintiff 2, which allegations were made in the face of the Defendants' promises that people would not be

1  numbered by the SSN, they merely prove Defendants' fraud in the inducement as provided in

2  Plaintiffs' Complaint. Again, the court should notice this issue is not one a Defendant in

3  Default should be allowed to argue and it certainly fails to invoke any element of Rule

4  12(b)(6) that would incapacitate Plaintiffs' Complaint; wherefore, the court should deny

5  Defendants' spurious motion.

**4. Defendants falsely allege, "to the extent that plaintiff is attempting to litigate the issue of the long-term viability of the Social Security system, he cannot do so, since this is a generalized grievance which he does not have standing to assert in this Court.'**

6  At no place in Plaintiffs' Complaint do Plaintiffs ever even remotely attempt to litigate "the

7  long-term viability of the Social Security system. To allege such a thing from Plaintiffs'

8  Complaint for fraud in the inducement is ludicrous! The court cannot consider such specious

9  and false arguments derived from somewhere outside the four corners of Plaintiff's Complaint.

10 Plaintiffs' Complaint clearly shows Plaintiffs are only litigating the specific issue of fraud in the

11 inducement of the specific agreement between Plaintiffs and Defendants; wherefore, Plaintiffs

12 clearly have standing to bring this case. Again, the court should notice, not only does this issue

13 come singularly from the Defendants' imagination, but it certainly fails to invoke any element of

14 Rule 12(b)(6) that would incapacitate Plaintiffs' Complaint; wherefore, the court should deny

15 Defendants' imaginary cause as a spurious motion having no relation to this case.

**5. Defendants falsely allege the relationship between Defendants and Plaintiff 1 is a bailment not a trust that created Plaintiff 2.**

16 Defendants' allegation that Plaintiff 2 is not a trust is a material fact issue that must be raised

17 in a timely filed Answer or the right to raise the issue is waived; since the Defendants are in

18 Default, the issue was not timely raised in accord with the rules of court, Defendants are

19 therefore, barred from raising that issue now.

20 However, considering that the Defendants are frivolously twisting this false allegation as if it

were a jurisdictional challenge to the subject matter of this case, Plaintiffs present the following:

a. In accord with the rules of law, based on maxims that go back to the dawn of time, by definition, 'whenever someone gives something of value to someone else to hold for the benefit of another, a trust is created'; wherefore, Defendants' allegation that the Social Security agreement created a bailment rather than a trust is on its face frivolous; because, a bailment is a trust by definition; which definition is supported at least as follows:

> A bailment is "a delivery of goods in trust, upon contract, either expressed or implied, that the trust shall be faithfully executed on the part of the bailee. And in another place, as the delivery of goods to another person for a particular use." *Justice Blackstone quoted by Justice Story in* <u>Commmentaries on the Law of Bailments</u>, *page 4, Supreme Court Justice Story*

> "A bailment is a delivery of a thing in trust for some special object or purpose, and upon a contract, express or implied, to conform to the object or purpose of the trust." <u>Commmentaries on the Law of Bailments</u>, *page 4, Supreme Court Justice Story*

b. Far from serving as a reason to dismiss for failure to state a claim, Defendants' allegation that the Social Security agreement creates a bailment actually proves Plaintiffs' case. A simple example will help illustrate this point:

   i. Assume a typical bailment where the owner (the bailor) of a Ford Taurus with a vehicle identification no. of V12345679 gives the keys to the valet (the bailee) and asks the valet to park his car and keep it safe until the he returns;

   ii. Notice several things about the relationship:

      1) It is a voluntary contractual agreement;

      2) The bailor has reserved ownership of the car:

      3) This contractual relationship is a type of trust because the bailor entrusted the bailee with the property and the responsibility to exercise due care of said property until such time as the bailor wanted said property returned;

4) The car has a creator, "Ford"; a name, "Taurus"; and a number, "V12345679";

5) Even though the bailee holds the car in trust, the car's name is not the bailee's name; the cars number is not the bailee's number; and the car is not the bailee's car;

6) If the car owner were to allege the car's name and number were the bailee's name and number, it would clearly violate the agreement;

7) If the car's owner, who knew or should have known the law of bailments, advertised in order to induce people into an agreement with him that looked like a bailment;

8) Further, if the car's owner advertised the car's numbers would never be used to number the people in order to address the people's privacy rights and religious concerns about being numbered contrary to God's Laws, knowing full well that people would rely on such promises in deciding whether or not to enter the agreement; and,

9) If the car owner never disclosed that the relationship offered wasn't a bailment;

10) If the car owner subsequently alleged the name and number were the person's name and number who entered into the agreement with him; not only would said allegation prove the car owner had violated the agreement, but it would also prove fraud in the inducement of the agreement, because the car's owner used false advertisement to induce the bailee into a contractual relationship he otherwise would not have accepted.

iii. Now, let's look at the Social Security agreement assuming, for argument's sake, a

bailment was created to see how Defendants' allegation proves Plaintiffs' claim of fraud in the inducement:

1) Defendant 1, the owner of a Social Security Card (hereinafter "SSC") with the name "STEPHEN M VAN DE BERG" and number "XXX-XX-6277" gives the card to Plaintiff 1 asking him to hold the card with due care until such time as Defendants asked for said SSC's return;

2) Notice several things about this relationship:

    a) It is a voluntary contractual agreement;

    b) Defendant 1 has reserved ownership of the SSC;

    c) This relationship is a type of trust because Defendant 1 entrusted Plaintiff 1 to take due care of Defendants' property until such time as Defendants wanted said SSC returned;

    d) The SSC has a creator, "Social Security Administration" (Defendant 1); a name, "STEPHEN M VAN DE BERG"; and a number, "XXX-XX-6277";

    e) Even though Plaintiff 1 holds said SSC in trust, said SSC's name is not Plaintiff 1's name; said SSC's number is not Plaintiff 1's number; and said SSC is not Plaintiff 1's SSC;

    f) Defendants clearly marketed the program to the people to induce people to enter the Social Security agreement;

    g) Defendants' marketing included the promise the SSN would not be used to number the people holding the SSC's;

    h) Defendants so advertised because Defendants knew most people would not enter into a relationship that numbered them because such a relationship

bailment was created to see how Defendants' allegation proves Plaintiffs' claim of fraud in the inducement:

1) Defendant 1, the owner of a Social Security Card (hereinafter "SSC") with the name "STEPHEN M VAN DE BERG" and number "XXX-XX-6277" gives the card to Plaintiff 1 asking him to hold the card with due care until such time as Defendants asked for said SSC's return;

2) Notice several things about this relationship:

    a) It is a voluntary contractual agreement;

    b) Defendant 1 has reserved ownership of the SSC;

    c) This relationship is a type of trust because Defendant 1 entrusted Plaintiff 1 to take due care of Defendants' property until such time as Defendants wanted said SSC returned;

    d) The SSC has a creator, "Social Security Administration" (Defendant 1); a name, "STEPHEN M VAN DE BERG"; and a number, "XXX-XX-6277";

    e) Even though Plaintiff 1 holds said SSC in trust, said SSC's name is not Plaintiff 1's name; said SSC's number is not Plaintiff 1's number; and said SSC is not Plaintiff 1's SSC;

    f) Defendants clearly marketed the program to the people to induce people to enter the Social Security agreement;

    g) Defendants' marketing included the promise the SSN would not be used to number the people holding the SSC's;

    h) Defendants so advertised because Defendants knew most people would not enter into a relationship that numbered them because such a relationship

1   would violate their rights to privacy and their covenants with God (see Complaint
2   starting at page 13 for details);
3      i) Defendants' actions led Plaintiff 1 to believe a bailment would be created;
4      j) Defendants knew or should have known the law of bailments; and,
5      k) Never disclosed that the relationship wasn't a bailment; and,
6      l) Defendant 2's allegation said SSC's name and number were the Plaintiff
7   1's name and number, clearly proves Defendants violated the Social Security
8   agreement they marketed to Plaintiff 1 to induce the agreement;
9      m) Wherefore, when Defendants subsequently alleged the name and number
10  on said SSC were Plaintiff 1's name and number; not only did Defendants
11  allegation prove Defendants never intended to create a bailment as they allege in
12  their motion to dismiss, but said allegation also proves fraud in the inducement
13  because Defendants knowingly used false advertising to induce Plaintiff 1 into a
14  contractual relationship Plaintiff 1 otherwise would not have accepted because
15  such a relationship would violate the assurances Plaintiff 1 was given regarding
16  Privacy and accepting such a number violates Plaintiff 1's Covenants with God;
17  c. In reality, Defendants' allegation that the Social Security agreement creates a bailment
18  and not a trust is a false allegation due to the nature of the simplistic bailment style of trusts;
19  where a property is merely held for the function of its being held for storage or repair purposes;
20  but not for the purpose of otherwise generating additional business proceeds from the trust
21  relationship or use of the property so stored.
22     i. When a thing is entrusted for the specific purpose of generating excess capital or
23  assets from the use of the thing or from the use of the relationship so created by

|   |   |
|---|---|
| 1 | placing the thing in trust, the definition of bailment no longer applies; but the |
| 2 | definition of the trust remains. |
| 3 | ii. Accordingly, when such a trust and or the item so placed in trust is used by the Trust |
| 4 | to generate anything beyond the original item so placed in trust; and, that addition so |
| 5 | generated also becomes the property of said trust; and, that additional property is |
| 6 | accordingly used to either meet the expenses of the Trust or held in trust until such |
| 7 | time as it is rightfully distributed to the Beneficiary of the Trust; such a relationship |
| 8 | cannot be described as a bailment in accord with law; |
| 9 | iii. Accordingly, the relationship described in the paragraph immediately above this one |
| 10 | exactly describes the relationship of Plaintiff 2 as it was created by Defendant 1 for |
| 11 | Defendant 2 with Plaintiff 1 lending consciousness and physical capacity to said |
| 12 | Trust, in its Trustee capacity. That is to say, the relationship so described, is the exact |
| 13 | nature of the relationship offered by Defendant 1 to Plaintiff 1 and it is the |
| 14 | relationship that was so accepted by Plaintiff 1. |
| 15 | iv. Further, Defendant 1's intent in creating said relationship is exemplified in the |
| 16 | opening paragraph of the Social Security Act of 1935, which states the purpose |
| 17 | Defendant 2 had in forming Defendant 1 was to "…raise revenue…", which thing |
| 18 | would not be accomplished by the simplicity of the SSC held in an undefined |
| 19 | bailment; and, |
| 20 | v. The requirements of Acts like the Federal Insurance Contributions Act, which |
| 21 | requires specific timely distributions from the Trust (Plaintiff 2) so generated by the |
| 22 | agreement between Defendants and Plaintiffs further proves the relationship so |
| 23 | created is far more than merely a "bailment" as Defendants now allege. |

vi. Finally, some time ago, prior to Defendants alleging said SSN was a number that identifies Plaintiff 1, Plaintiffs became concerned at the many uses such numbers were being allegedly "required" for contrary to Plaintiff's agreement with the Defendants and due to media reports respecting the same, Plaintiffs felt it necessary, in accord with the Administrative Procedures Act, to request Defendant 1 enter an amendment into its records that acknowledged the full nature of said agreement or, in accord with the Administrative Procedures Act, to show legal and lawful cause why said amendment should not be made.

vii. Accordingly, Defendant 1 so amended their records to show the actual nature of said agreement from it beginning;

Wherefore, Defendants' allegation that the Social Security agreement creates a mere "bailment" either proves Plaintiffs' case of fraud in the inducement of the same, if Defendants' spurious argument of mere bailment is accepted; but more accurately, the facts prove the relationship of that agreement with Plaintiffs is far more than a mere bailment and the bailment argument fails to fit the conditions of that agreement.

Therefore, Defendants have not met the Standard for Review for a motion to dismiss with their bailment argument and the mere allegation of it by Defendants also goes to prove their fraud in the inducement;

Wherefore, Defendants' motion to dismiss should be denied. Again, the court should notice this issue is not one a Defendant in Default should be allowed to argue and it certainly fails to invoke any element of Rule 12(b)(6) that would incapacitate Plaintiffs' Complaint;

Wherefore, for all the reasons stated above, this Court should deny Defendants' motion to dismiss and if the strength of Plaintiffs' Complaint and the material facts of record are not

1  sufficient to "satisfy the court" of Plaintiffs' "claim or right", then the Court should schedule a

2  hearing wherein Plaintiffs are allowed to present the evidence necessary to substantiate

3  Plaintiffs' claim so the court can confirm the Defendants' default.

### PLAINTIFFS' MOTIONS AND REQUEST FOR RELIEF

4  1. For all the reasons stated above, Plaintiffs move this Court to deny Defendants' Motions

5  and also to either confirm the Clerks entry of the Default Judgment of record or in the alternative

6  schedule a hearing so the Court can determine whether Plaintiff can provide sufficient evidence

7  to establish the claim or right to the relief requested that satisfies the court;

8  2. For the reasons stated above, Plaintiffs also move this Court to allow Plaintiff 2 additional

9  time to find an attorney; in the alternative, Plaintiff 1 moves the Court to allow Plaintiff 1 to

10 continue and prosecute this case without Plaintiff 2.

11 Respectfully Presented on August 25, 2008, by Plaintiffs.,

12 Signed:
13
14 Plaintiff 1: Stephen Michael Van De Berg, Steward
15 c/o 3947 W. Lincoln Hwy, #333
16 Downingtown, Pennsylvania
17 484.885.0604
18 smilingdaddy@gmail.com
19
20 Plaintiff 2: STEPHEN M VAN DE BERG
21 c/o 3947 W. Lincoln Hwy, #333
22 Downingtown, Pennsylvania 19335
23 484.885.0604