UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| STEPHEN M. VAN DE BERG, et al., )<br>)<br>Plaintiffs, )<br>)<br>-v- )<br>)<br>SOCIAL SECURITY ADMINISTRATION, )<br>  et al., )<br>)<br>Defendants. )<br>_____ ) | Civil Action No. 08-00765 PLF |

REPLY MEMORANDUM IN SUPPORT OF THE MOTION
TO VACATE DEFAULT AND TO DISMISS THE COMPLAINT

Plaintiff opposes defendant's motion to vacate the default and to dismiss the complaint. The arguments he advances are not meritorious. Defendants' motion should be granted.

The Motion To Vacate The Default

The opposition confirms the facts laid out in defendants' motion. Undersigned counsel (Fred E. Haynes) prepared a motion for extension of time to answer or otherwise respond to the complaint, seeking until August 11 to do so. This motion was mailed to plaintiff on July 28, but undersigned counsel inadvertently neglected to file it electronically with the Court. A default was entered by the Clerk, which defendants seek to vacate.

Plaintiff argues that when defendants intended to seek the extension of time (on July 28, the day the answer was due) defendants were already untimely in seeking such an extension. As support for this proposition, plaintiff cites Fed. R. Civ. P. 6(c), which he contends requires that a motion for extension of time be filed "5 days before the hearing date *or due date*...." [Italics added.] Plaintiff's opposition at 2. The language in italics does not, however, appear in Rule 6(c); the five-day rule only applies when the motion seeks a hearing at a time certain. The

proposed motion for extension of time in this case did not seek a hearing, so Rule 6(c) does not apply.

In any event, a plaintiff is not entitled to a default judgment against the United States, its officers, or its agencies unless he/she "establishes a claim or right to relief by evidence that satisfies the court." Fed. R. Civ. P. 55(d). As explained in the motion to dismiss and below, plaintiff number 1's case is meritless, and he is not, therefore, entitled to any relief. This requires that the default be vacated. (The opposition appears to concede that plaintiff number 1, who is pro se, cannot represent the alleged trust, plaintiff number 2, although the opposition also states that plaintiff number 1 does not agree with this rule – that a trust must be represented by a lawyer.)

## The Motion To Dismiss

Plaintiff claims that when the Social Security Administration (the "agency") sent him a social security card with his social security number on it, the agency was creating a trust, what he calls the STEPHEN M. VAN DE BERG (XXX-XX-6277) trust, which the complaint describes as plaintiff number 2 (Complaint, at 5-6). The complaint further alleges that plaintiff number 2 "borrows plaintiff number 1's consciousness and physical capacity to fill its Trustee office." Complaint, at 6. There is, however, no support in fact or law for the claim that a trust was created when the agency sent the social security card to plaintiff number 1. All that was created was a bailment: the card was sent from the bailor (the agency) to the bailee (plaintiff number 1). See memorandum in support of the motion to dismiss at pages 4-5. The card is plaintiff number 1's card and the number on it is plaintiff number 1's social security number.

Plaintiff asserts that there was an "agreement," apparently between him and the agency, that the social security number would not be assigned to plaintiff number 1, opposition at page 10, and that had he known the number was assigned to him (plaintiff number 1) rather than the trust (plaintiff number 2) he would have never entered into what he characterizes as a "voluntary contractual agreement," which defendants understand to be a reference to the social security system. There are several problems with this argument. First, there is no evidence that the agency intended to create plaintiff number 2 when it sent the social security card to plaintiff number 1. The idea of the creation of the trust is purely a product of plaintiff's imagination. As the Tax Court found in the case cited in the complaint, the social security card sent to plaintiff number 1 was his card and the assigned social security number was his number.

That this is the government's position is cited by plaintiff number 1 as being evidence that the government fraudulently induced him "to enter a voluntary contractual agreement...." Opposition at page 10. What plaintiff number 1 describes as the "voluntary contractual agreement" is the social security system. That system is not, however, voluntary. If a person's employment is covered by social security, then the employer and employee must participate in the system. See, e.g., United States v. Lee, 455 U.S. 252 (1982)(rejecting religious claims to exemption from payment of social security taxes, citing the need for mandatory participation as being indispensable to the fiscal vitality of the social security system). This is determinative of the arguments being advanced by plaintiff.

Conclusion

For the reasons set forth above and in the memorandum in support of the motion to vacate

default and to dismiss the case, the default should be vacated and the case should be dismissed.

                              Respectfully submitted,

                              JEFFREY A. TAYLOR, D.C. Bar #498610
_____     United States Attorney
                                      /s/
                              FRED E. HAYNES, D.C. Bar #165654
                              Assistant United States Attorney
                              555 Fourth Street, N.W., Room E-4110
                              Washington, D.C.  20530
                              202.514.7201

CERTIFICATE OF SERVICE

I hereby certify that on this 4th day of September, 2008, a copy of the foregoing reply memorandum in support of the motion to vacate default and to dismiss the complaint was served by first-class mail, postage prepaid, on:

> Mr. Stephen M. Van De Berg
> 3947 W. Lincoln Highway, # 333
> Downingtown, PA 19335

> /s/
> FRED E. HAYNES, D.C. Bar # 165654
> Assistant United States Attorney
> 555 Fourth Street, N.W., Room E-4110
> Washington, D.C. 20530
> (202) 514-7201