UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| STEPHEN M. VAN DE BERG, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> SOCIAL SECURITY ADMINISTRATION, et al., ) <br> ) <br> Defendants. ) <br> ) | Civil Action No. 08-00765 (PLF) |

MEMORANDUM OPINION

This matter comes before the Court on defendants' motion to vacate the default and to dismiss plaintiff's complaint ("Mot."). Upon careful consideration of the motion, plaintiff's filings, and defendants' reply, the Court will grant the motion to vacate the default and will dismiss plaintiff's claims.

I. DEFAULT

The Court may set aside the entry of default if no judgment has been entered when good cause is shown. See FED. R. CIV. P. 55(c). Because the entry of default against defendants was not for a sum certain, no judgment has yet been entered against them. The decision to set aside an entry of default rests in the discretion of the district court. Keegel v. Key West & Caribbean Trading Co., Inc., 627 F.2d 372, 373 (D.C. Cir. 1980). "In exercising such discretion, a court must consider whether (1) the default was willful, (2) a set-aside would prejudice plaintiff, and (3) the alleged defense was meritorious." Koerner v. United States, 246 F.R.D. 45, 47 (D.D.C. 2007). "Default judgments are disfavored in modern courts." Id.; see also

Scimed Life Systems, Inc. v. Medtronic Ave Inc., 297 F. Supp. 2d 4, 9 (D.D.C. 2003).

In their motion to vacate default, defendants explain why they missed the deadline to respond to plaintiff's complaint. Defendants' counsel prepared a motion for extension of time to respond, served that motion on plaintiff, but inadvertently failed to file the motion electronically. See Mot. at 1. Plaintiff has admitted that he received the motion for extension of time by the deadline for defendants' response to the Complaint. See Plaintiff's Motion to Deny Defendants' Motion to Vacate Default and Dismiss the Complaint at 2. On these facts, the default was not willful; plaintiff has made no showing that a set-aside would cause prejudice; and defendants' explanation is meritorious. See Koerner v. United States, 246 F.R.D. at 47. The Court will therefore grant defendants' motion to vacate default.

## II. MOTION TO DISMISS

Rule 12(b)(6) of the Federal Rules of Civil Procedure allows dismissal of a complaint if a plaintiff fails "to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). In Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955 (2007), the Supreme Court clarified the standard of pleading that a plaintiff must meet in order to survive a motion to dismiss under Rule 12(b)(6). The Court noted that "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]'" Id. at 1965 (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)); see also Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007). Although "detailed factual allegations" are not necessary to withstand a Rule 12(b)(6) motion to dismiss, to provide the "grounds" of

"entitle[ment] to relief," a plaintiff must furnish "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 127 S.Ct. at 1964-65; see also Papasan v. Allain, 478 U.S. 265, 286 (1986). There is no "probability requirement at the pleading stage," Bell Atlantic Corp. v. Twombly, 127 S. Ct. at 1965, but "something beyond . . . mere possibility . . . must be alleged[.]" Id. at 1966. The facts alleged in the complaint "must be enough to raise a right to relief above the speculative level," id. at 1965, or must be sufficient "to state a claim for relief that is plausible on its face." Id. at 1274. The Court referred to this newly-clarified standard as "the plausibility standard." Id. at 1968 (abandoning the "no set of facts" language from Conley v. Gibson).

While *pro se* complaints are held to a less stringent standard than complaints drafted by attorneys, see Erickson v. Pardus, 127 S. Ct. at 2200 ("A document filed *pro se* is to be liberally construed.") (internal quotations and citations omitted); Gray v. Poole, 275 F.3d 1113, 1116 (D.C. Cir. 2002), a *pro se* plaintiff's inferences "need not be accepted 'if such inferences are unsupported by the facts set out in the complaint.'" Caldwell v. District of Columbia, 901 F. Supp. 7, 10 (D.D.C. 1995) (quoting Henthorn v. Dept. of Navy, 29 F.3d 682, 684 (D.C. Cir. 1994)). "'A *pro se* complaint, like any other, must state a claim upon which relief can be granted by the court.'" Id. (citing Crisafi v. Holland, 655 F.2d 1305, 1308 (D.C. Cir. 1981)).

Defendants summarize plaintiff's claims as follows:

> The complaint . . . purports to be brought by two plaintiffs, Stephen M. Van De Berg, a natural person described as plaintiff number 1 (Complaint, at 5), and STEPHEN M. VAN DE BERG (XXX-XX-6277), a trust described as plaintiff number 2 (Complaint, at 5-6). The complaint further alleges that plaintiff

3

> number 2 "borrows plaintiff number 1's consciousness and physical capacity to fill its Trustee office." Complaint, at 6. The two defendants are the Social Security Administration, described as defendant number 1 (Complaint, at 6), and the United States Government, described as defendant number 2 (Complaint, at 6).
>
> The gist of the complaint appears to be that plaintiff number 1's religious beliefs are such that he refuses to be "numbered," i.e., to have a number, such as a social security number, assigned to him. He asserts, without any cognizable factual support, that defendant number 1 (the Social Security Administration), by mailing plaintiff number 1 a social security card, with the notation on the back, inter alia, that the card was the property of the Social Security Administration and must be returned upon request, thereby created a trust (STEPHEN M. VAN DE BERG, XXX-XX-6272) which led to the signing of the social security card by plaintiff number 2. According to the complaint, this arrangement worked ("From its inception Plaintiff 2 operated in peace in accord with its creation." Complaint at page 10, ¶ 16) until two events caused the plaintiffs "to study more thoroughly what Defendants were doing in relationship to trusts like Plaintiff 2 and people like Plaintiff 1." Complaint at pages 10-11. The first appears to relate to reports concerning possible problems in funding Social Security in the future. The second relates to a Tax Court case involving plaintiff number 2, STEPHEN M. VAN DE BERG (a trust) v. Commissioner of Revenue, T.C. No. 17072-04. As described by the plaintiffs, the Tax Court found that defendant number 1 (the Social Security Administration) did not create plaintiff number 2 (the alleged trust) and that plaintiff number 1 was the taxpayer. The compliant (*sic*) further relates that the Tax Court ordered plaintiff number 2 to attest that it was plaintiff number 1 or the Tax Court would dismiss the case. When plaintiff number 2 did not do this, the Tax Court dismissed the case "alleging it was brought by an incorrect party, as if Plaintiff 1 was the numbered taxpayer instead of Plaintiff 2." Complaint, at pages 12-13. The Tax Court's decision was sustained on appeal. Complaint at page 13.

Mot. at 2-3.

The allegations in plaintiff's complaint are "clearly baseless" and "frivolous," both factually and legally.  Denton v. Hernandez, 504 U.S. 25, 31-33 (1992).  In short, plaintiff

4

does not "state a claim for relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S. Ct. at 1274; see also Best v. Kelly, 39 F.3d 328, 331 (D.C. Cir. 1994). Accordingly, the Court will grant the defendants' motion to dismiss. An Order accompanying this Memorandum Opinion will be issued this same day.

      SO ORDERED.

                                                      /s/_____
                                                      PAUL L. FRIEDMAN
                                                      United States District Judge

DATE: November 19, 2008